DOWNEY BRAND LLP
JAMIE P. DREHER (Bar No. 209380)
MICHAEL W. REINING (Bar No. 305566)
621 Capitol Mall, 18th Floor
Sacramento, CA 95814-4731
Telephone: (916) 444-1000
Facsimile: (916) 444-2100
jdreher@downeybrand.com
mreining@downeybrand.com

Attorneys for
GREEN ACRES NURSERY & SUPPLY

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re: | Case No. 16-21900 |
| A GREENER GLOBE, | Chapter No. 11 |
| Debtor. | Adversary Proceeding No. |
| GREEN ACRES NURSERY & SUPPLY, | **COMPLAINT FOR DECLARATORY RELIEF** |
| Plaintiff, | |
| v. | |
| HAYFIN PARTNERS SPV I, LP; VINDRAUGA CORPORATION; and RUSSELL K. BURBANK, SOLELY IN HIS CAPACITY AS CHAPTER 11 TRUSTEE FOR THE BANKRUPTCY ESTATE OF A GREENER GLOBE | |
| Defendants. | |

PLAINTIFF, Green Acres Nursery & Supply, LLC, by and through its attorneys Downey Brand LLP, hereby alleges as follows:

**JURISDICTION**

1. This action arises under Federal Rules of Bankruptcy Procedure 7001(a)(2), (7), and (9). This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1334. This adversary proceeding is a core proceeding under 28 U.S.C. § 157 (b)(2).

1534912.2     1

## THE PARTIES

2. Plaintiff Green Acres Nursery & Supply, LLC ("Green Acres" or "Plaintiff") is a California limited liability company.

3. Defendant Hayfin Partners, SPV I, LP ("Hayfin") is an English limited partnership.

4. Defendant Vindrauga Corporation ("Vindrauga") is a California corporation.

5. Defendant Russell K. Burbank, as Chapter 11 Trustee for the Bankruptcy Estate of A Greener Globe ("Trustee"), is the duly appointed Chapter 11 trustee in Bankruptcy Case No. 16-21900, currently pending in the United States Bankruptcy Court for the Eastern District of California, Sacramento Division.[1]

## GENERAL ALLEGATIONS

6. On March 28, 2016, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On June 14, 2016 this Court entered an order approving the Trustee's appointment as Chapter 11 trustee for the Debtor's Bankruptcy Estate.

7. The Debtor owns two contiguous parcels of real property, totaling approximately 25.3 acres, at 901 and 903 Galleria Blvd., Roseville, California ("Real Property"). On March 31, 2014, the Debtor split the Real Property into two parcels, one consisting of a 20-acre parcel on which a closed landfill is located, and the other consisting of 5.31 acres ("Nursery Parcel").

8. On December 18, 2012, the Debtor and Green Acres entered into the Amendment No. 1 to Subleases ("Amendment No. 1"). A copy of Amendment No. 1 is attached to the Exhibit List as **Exhibit 1**. The Debtor currently leases the Nursery Parcel to Green Acres pursuant to Amendment No. 1.

9. On May 14, 2013, the Memorandum of Lease with Green Acres ("Memorandum of Lease") was recorded in the Placer County Recorder's office. The Memorandum of Lease, which was executed by the Debtor's President, provides notice of the facts that (1) on December 18, 2012 the Debtor and Green Acres entered into Amendment No. 1, and (2) that the Debtor

---

[1] As set forth herein, Green Acres believes the Trustee is a nominal but necessary party to this action.

succeeded to the interests of Capitol Waste under its subleases to Green Acres, and the subleases survived as direct agreements between the Debtor and Green Acres. A copy of the Memorandum of Lease is attached to the Exhibit List as **Exhibit 2**.

10. On October 26, 2016, the Trustee filed a motion for authority to assume and assign, to a buyer, the Debtor's lease of the Nursery Property to Green Acres (Doc. No. 123). The motion acknowledges that "On or about May 14, 2013, a Memorandum of Lease with Green Acres was recorded with the Placer County Recorder…by the Debtor." Furthermore, the motion attached a copy of the recorded Memorandum of Lease as an exhibit. The motion was subsequently withdrawn (Doc. No. 143). Nevertheless, the motion clearly demonstrates that the Trustee was aware of Green Acres' lease of Nursery Property, that the Memorandum of Lease was recorded, and that potential purchasers were aware of Green Acres' recorded tenancy. And, as a result of filing that motion, Green Acres' lease interest, recorded Memorandum, and the status of its tenancy was made a part of the public record of the bankruptcy case.

11. On July 11, 2017, the Trustee filed a motion for authority to, among other things, sell the Real Property free and clear of specially delineated liens pursuant to an option agreement with Vindrauga (Doc. No. 222). In the Facts and Background section of the motion, the parties acknowledge that the Debtor leases a portion of the Real Property to Green Acres for the operation of a nursery. In the Legal Authority section providing that "The Sale of the Business Assets Free and Clear of Liens and Other Interests is Authorized by Section 363(f)," the motion addresses how particular interests will be disposed of; the motion explains how the parties propose to deal with the Water Resources Board's security interest, and it explains that the sale will be free and clear of Robb Hewitt's and Weintraub Tobin's interests by virtue of bona fide disputes. That section also provides: "To the extent there are any liens, interests, claims or encumbrances that are not properly perfected ("Unrecorded Liens"), the filing of the Chapter 11 cut off the perfection rights of any such unknown claimants and gave the estate the status of a bona-fide purchaser without notice of the Unrecorded Liens…*The Trustee is not aware of anyone asserting any Unrecorded Liens*" (emphasis added).

12. The July 11, 2017 sale motion specifically addresses the treatment of particular

DOWNEY BRAND LLP

recorded interests, and it also provides that the sale will be free and clear of *unrecorded* liens. The sale motion acknowledges the existence of Green Acres' lease in the facts section, and *nowhere* does the sale motion propose to sell the Real Property free and clear of Green Acres' lease, which as stated was of record in the Memorandum of Lease. Nor does the sale motion ask for blanket authority to sell the Real Property free and clear of any interests that are recorded but not specifically addressed in the motion (nor as a matter of law could it have). Even if Hayfin now construes the sale motion as a request for authorization to sell the Real Property free and clear of Green Acres' interest, the motion did not make that request clear to this Court or to Green Acres.

13. On September 1, 2017, the Court entered an order granting, among other thing, the Trustee's motion to sell the Real Property free and clear of liens pursuant to a yet-to-be-exercised option agreement (Doc. No. 247). The order provides: "Pursuant to Bankruptcy Code §§ 363(f) and 105(a), *to the fullest extent permitted by law*, effective as of the Closing, the sale of the Property by the Trustee to Vindrauga shall constitute a legal, valid, and effective transfer of the Property notwithstanding any requirement for approval or consent by any person and shall vest Vindrauga with all right, title, and interest of the estate in, against and/or relating to the Property, *free and clear of the following liens, deeds, mortgages, encumbrances, interests, claims and security interests…*"[2] The order then specifically lists interests held by Vindrauga, Western Highland Mortgage Fund I, LLC, James R. Walsh, Richard Steffan, Water Resources Board, Daniel G. Sheehan, Jacklyn C. Sheehan, Robb Hewitt, Weintraub Tobin, and "Any and all unrecorded or unperfected liens, interests, claims or encumbrances of every party served with notice of the Motion..."

14. The Court's September 1, 2017 order provides that the sale of the Real Property will be free and clear of certain specifically enumerated interests and unrecorded interests. Green Acres' interest in the Real Property is not specifically enumerated in the order, nor is Green Acres' interest an unrecorded interest. As such, the Court's order giving the Trustee authority to

---

[2] Emphasis added.

1534912.2

4

COMPLAINT FOR DECLARATORY RELIEF

sell the Real Property simply did and does not give the Trustee authority to sell the Real Property free and clear of Green Acres' interest. In addition, the Purchase and Sale Agreement attached as an exhibit to the sale order contains an express representation to the Buyer that there is a recorded leasehold on the Real Property in favor of Green Acres.

15. Green Acres has been making regular rent payments to the Debtor. The Debtor has been accepting all such rent payments from Green Acres. Green Acres has been operating in the ordinary course of business at the Real Property since 2003 and it employs over 60 people at that location.

16. Both Vindrauga and Green Acres were and are aware of Green Acres' tenancy and possession, and all of the Defendants have relied on, utilized, and acquiesced to Green Acres' continued tenancy and possession of the leased premises.

17. Green Acres has been informed and believes that Vindrauga assigned all of its rights under the option agreement to Hayfin.

18. During the week of October 15, 2018, agents for Hayfin demanded to know the amount of rent Green Acres could pay above its current contractual rate, as well as its revenues at that location, strongly implying that if Hayfin exercises the option to purchase the property, Green Acres will not have a continued right of possession unless Green Acres is willing to substantially increase the amount of rent it pays. In other words, Hayfin is asserting that the order of this Court will result in the sale of the Real Property to be free and clear of Green Acres' continued possession and enjoyment of the leased premises, and the recorded Memorandum of Lease.

19. While the Trustee has not made a specific assertion that the sale of the Real Property is free and clear of Green Acres' leasehold interest of record (nor does Green Acres believe he could or would), the Trustee is made a party to this action in an abundance of caution as a potentially indispensable or necessary and/or nominal party, to ensure full relief is accorded. It is not Green Acres' intent to force the Trustee to unnecessarily accrue administrative expenses for appearing in this action, and Green Acres will make every attempt to ameliorate any administrative burden on the Trustee resulting from this adversary proceeding.

# CLAIMS FOR RELIEF

## I.   DECLARATORY RELIEF

20.   Green Acres specifically re-alleges and incorporates herein by reference, as though set forth in full, paragraphs 1 through 19, inclusive.

21.   Hayfin's recent assertion (not previously made by any party in these bankruptcy proceedings) evidences Hayfin's incorrect and clear misunderstanding that the Trustee's sale of the Real Property, pursuant to the Court's September 1, 2017 order, will be free and clear of Green Acres' interest.  Thus, there is an actual dispute between Green Acres and Hayfin regarding Green Acres' interest in the Real Property.  Green Acres therefore requests that this Court issue a ruling declaring that any sale of the Real Property pursuant to the Court's September 1, 2017 order will not be free and clear of Green Acres' interest, and that Green Acres will continue to enjoy uninterrupted its possession and use and enjoyment of the Real Property pursuant to the express terms of the Lease as incorporated by the recorded Memorandum of Lease.

## II.   TEMPORARY AND PERMANENT INJUNCTIVE RELIEF

22.   Green Acres specifically re-alleges and incorporates herein by reference, as though set forth in full, paragraphs 1 through 21, inclusive.

23.   Pursuant to the facts set forth herein, Green Acres further requests the Court issue a Temporary Restraining Order preventing Hayfin from depriving, or attempting to deprive, Green Acres of its interest in the Real Property, and further preventing Hayfin from interfering in any manner whatsoever with Green Acres' interest in the Real Property;

24.   Should the Court issue the temporary injunctive relief following application, Green Acres further requests the Court issue a permanent injunction in the same form.

25.   Green Acres alleges that the facts set forth in paragraphs 1 through 24 demonstrate that Green Acres will be imminently and irreparably harmed by Hayfin if this Court does not issue an order providing temporary and injunctive relief.  Green Acres further alleges that injunctive relief is necessary because money damages are not sufficient to compensate Green Acres.

### III.　REQUEST FOR ADEQUATE PROTECTION

26.　Green Acres specifically re-alleges and incorporates herein by reference, as though set forth in full, paragraphs 1 through 25, inclusive.

27.　If the Court determines that its September 1, 2017 order provides the Trustee with the authority to sell the Real Property free and clear of Green Acres' interest in the Real Property, Green Acres requests that this Court enter an order providing Green Acres with adequate protection in the form of continued possession of its interest in the Real Property. Green Acres respectfully makes this request pursuant to Bankruptcy Code Section 363(e), which provides in relevant part that "*Notwithstanding any other provision of this section, at any time*, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, *shall* prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest" (emphasis added).

28.　As an alternative to continued possession as adequate protection, any purchaser would also be required to indemnify and compensate Green Acres for any disturbance or dispossession of its tenancy rights, and rights to continued use and possession of the Real Property. If Green Acres is not entitled to continued possession as a form of adequate protection, the cost to Green Acres will be millions of dollars in locating and building a new location, not the mention the cost and upheaval to its employees.

### IV.　RESERVATION OF RIGHTS

29.　Green Acres expressly reserves the right to include additional claims including, but not limited to, intentional interference with contractual relations, intentional interference with prospective economic relations, and negligent interference with prospective economic advantage.

### PRAYER FOR RELIEF

Accordingly, Green Acres prays and requests as follows:

1.　That the Court issue a ruling declaring that any sale of the Real Property pursuant to the Court's September 1, 2017 order was and will not be free and clear of Green Acres' interest.

2.　That the Court enjoin Hayfin, temporarily and permanently, from depriving, or

DOWNEY BRAND LLP

attempting to deprive, Green Acres of its interest in the Real Property.

      3.      That the Court enjoin Hayfin, temporarily and permanently, from interfering in any manner whatsoever with Green Acres' interest in the Real Property;

      4.      That the Court enter an order providing Green Acres with adequate protection in the form of continued possession of its interest in the Real Property.

      5.      That Green Acres be awarded damages for the actions, omissions, and claims described herein.

      6.      For such other relief as the Court deems necessary, appropriate, or proper.

DATED:  October 18, 2018        DOWNEY BRAND LLP

By:     /s/ Jamie P. Dreher
        JAMIE P. DREHER
        Attorney for Plaintiff
        GREEN ACRES NURSERY & SUPPLY